UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SONJA M. VERNIER,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration[1],<br><br>                    Defendant. | NO:  12-CV-0179-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 17, 20).  Plaintiff is represented by Maureen J. Rosette.

---

[1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

1    Defendant is represented by Jeffrey R. McClain.  The Court has reviewed the

2    administrative record and the parties' completed briefing and is fully informed.

3    There being no reason to delay a decision, the hearing set for April 21, 2014 is

4    vacated and this matter is submitted without oral argument.  For the reasons

5    discussed below, the Court grants Defendant's motion and denies Plaintiff's

6    motion.

7                                    JURISDICTION

8        The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

9    1383(c)(3).

10                              STANDARD OF REVIEW

11       A district court's review of a final decision of the Commissioner of Social

12   Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is

13   limited: the Commissioner's decision will be disturbed "only if it is not supported

14   by substantial evidence or is based on legal error."  *Hill v. Astrue*, 688 F.3d 1144,

15   1149 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means

16   relevant evidence that "a reasonable mind might accept as adequate to support a

17   conclusion." *Id.* (quotation and citation omitted).  Stated differently, substantial

18   evidence equates to "more than a mere scintilla[,] but less than a preponderance."

19   *Id.* (quotation and citation omitted).  In determining whether this standard has been

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

1   satisfied, a reviewing court must consider the entire record as a whole rather than

2   searching for supporting evidence in isolation.  *Id.*

3        In reviewing a denial of benefits, a district court may not substitute its

4   judgment for that of the Commissioner.  If the evidence in the record "is

5   susceptible to more than one rational interpretation, [the court] must uphold the

6   ALJ's findings if they are supported by inferences reasonably drawn from the

7   record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

8   court "may not reverse an ALJ's decision on account of an error that is harmless."

9   *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's]

10   ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).

11   The party appealing the ALJ's decision generally bears the burden of establishing

12   that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

13   FIVE-STEP SEQUENTIAL EVALUATION PROCESS

14        A claimant must satisfy two conditions to be considered "disabled" within

15   the meaning of the Social Security Act.  First, the claimant must be "unable to

16   engage in any substantial gainful activity by reason of any medically determinable

17   physical or mental impairment which can be expected to result in death or which

18   has lasted or can be expected to last for a continuous period of not less than twelve

19   months." 42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

20   "of such severity that he is not only unable to do his previous work[,] but cannot,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1    §416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

2    enumerated impairments, the Commissioner must find the claimant disabled and

3    award benefits.  20 C.F.R. § 416.920(d).

4         If the severity of the claimant's impairment does meet or exceed the severity

5    of the enumerated impairments, the Commissioner must pause to assess the

6    claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

7    defined generally as the claimant's ability to perform physical and mental work

8    activities on a sustained basis despite his or her limitations (20 C.F.R. §

9    416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

10         At step four, the Commissioner considers whether, in view of the claimant's

11    RFC, the claimant is capable of performing work that he or she has performed in

12    the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

13    capable of performing past relevant work, the Commissioner must find that the

14    claimant is not disabled.  20 C.F.R. §416.920(f).  If the claimant is incapable of

15    performing such work, the analysis proceeds to step five.

16         At step five, the Commissioner considers whether, in view of the claimant's

17    RFC, the claimant is capable of performing other work in the national economy.

18    20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

19    must also consider vocational factors such as the claimant's age, education and

20    work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 5

Commissioner must find that the claimant is not disabled. 20 C.F.R. §

416.920(g)(1). If the claimant is not capable of adjusting to other work, the

analysis concludes with a finding that the claimant is disabled and is therefore

entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above.

*Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If

the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy." 20 C.F.R. §

416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

ALJ'S FINDINGS

Plaintiff applied for Title II disability insurance benefits and Title XVI

supplemental security income ("SSI") payments on January 5, 2009. Both

applications alleged an onset date of March 1, 2001, which was later amended to

an onset date of July 1, 2005. Plaintiff's applications were denied initially and

upon reconsideration. Tr. 75-81, 82-85. Plaintiff filed a timely request for a

hearing (Tr. 86-87) and appeared with an attorney at a hearing before an

administrative law judge ("ALJ") on May 19, 2010. Tr. 46-70.

The ALJ issued her decision on August 12, 2010, finding that Plaintiff was

not disabled under the Act. Tr. 20-35. On March 5, 2012, the Appeals Council

1  denied Plaintiff's request for review (Tr. 1-3), making the ALJ's decision the

2  Commissioner's final decision that is subject to judicial review.  42 U.S.C. §§

3  405(g), 1383(c)(3);  20 C.F.R. §§ 416.1481, 422.210.

4                                    ISSUES

5          Plaintiff, Sonja M. Vernier, seeks judicial review of the Commissioner's

6  final decision denying her Title II disability insurance benefits and her Title XVI

7  SSI.  Plaintiff has raised three issues for review: (1) whether substantial evidence

8  supports the ALJ's finding of a less limiting psychological condition; (2) whether

9  the ALJ properly considered and/or rejected the opinions of treating and examining

10  sources; and (3) whether the ALJ relied erroneously on the opinion of a non-

11  treating, non-examining medical advisor over the opinions of examining and

12  treating sources.  ECF No. 18 at 9-10.  The Commissioner contends the final

13  decision in this matter should be affirmed because it is supported by substantial

14  evidence and is free of legal error.  ECF No. 21 at 2.

15                                  DISCUSSION

16  **A. Psychological Limitations**

17          As an initial matter, Plaintiff generally argues that "she is more limited from

18  a psychological standpoint than what was determined by the [ALJ]".  ECF No. 18

19  at 9.  In apparent support for this argument, Plaintiff cites to evaluations by Dr. W.

20  Scott Mabee, Dr. Hal Gillespie, and Dr. Dennis R. Pollack.  ECF No. 18 at 10-12.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

1    However, as to Dr. Mabee and Dr. Gillespie, Plaintiff does not assert any errors as

2    to the ALJ's consideration of their respective diagnoses of Plaintiff.  The Court

3    declines to further address this issue which was not argued with specificity.  *See*

4    *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

5        **B. Physician Opinions**

6        A treating physician's opinions are entitled to substantial weight in social

7    security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

8    (9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted,

9    an ALJ may reject it only by offering "clear and convincing reasons that are

10   supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th

11   Cir. 2005).  "However, the ALJ need not accept the opinion of any physician,

12   including a treating physician, if that opinion is brief, conclusory and inadequately

13   supported by clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation

14   omitted).  "If a treating or examining doctor's opinion is contradicted by another

15   doctor's opinion, an ALJ may only reject it by providing specific and legitimate

16   reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d

17   at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).

18        Here, the ALJ found that

19        even during periods of active substance abuse in the earlier portion of the
         relevant adjudicatory period and particularly after her reported cessation of
20       substance abuse, the claimant has had the mental residual functional capacity
         to perform semiskilled (SVP-4) tasks consistent with the assessment of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

mental residual functional capacity identified by the state agency medical consultants; to wit, she has had the ability [sic] can remember locations and work-like procedures; she can have occasional contact with coworkers, although she may be distracted by others and would do best with limited cooperative interaction; she can have superficial contact with the public; she can accept supervisor criticism; she can maintain socially appropriate behavior in the work place; and she can adapt to routine changes in the work place, travel independently, avoid hazards, and make basic plans.

Tr. 30. Plaintiff contends the ALJ did not properly consider nor reject the opinions of examining physician Dr. Pollack regarding her mental health. ECF No. 18 at 11-13. Additionally, Plaintiff argues that the ALJ erroneously relied on the opinion of a non-treating, non-examining medical advisor over the opinions of examining and treating sources. *Id.* The Court will consider these interrelated issues simultaneously.

On April 28, 2010 and May 3, 2010, Dr. Pollack completed a psychological evaluation of Plaintiff. Dr. Pollack reviewed Plaintiff's medical records; interviewed her; administered personality, intelligence, neuropsychological, and malingering testing; and completed a Mental Medical Source Statement regarding her mental limitations. Tr. 727-32. Plaintiff was diagnosed with polysubstance dependence in remission; depressive disorder, NOS; and personality disorder with borderline avoidant features. Tr. 732-33. Dr. Pollack opined that Plaintiff would have moderate limitations with regard to her ability to accept instructions and respond appropriately to criticism from supervisors; marked limitations with regard to her ability to perform activities within a schedule, maintain regular attendance,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

and be punctual with customary tolerances; and marked limitations with regard to her ability to complete a normal work day and work week without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods.  Tr. 735.  The ALJ acknowledged the vocational expert's testimony that an individual with these limitations could not perform work in a competitive employment setting.  Tr. 34.  However, the ALJ accorded little weight to this testimony in light of her rejection of Dr. Pollack's opinions.  *Id.*

On April 9, 2009, Dr. James Bailey, the non-examining state agency medical consultant, reviewed the record and completed a Mental Residual Functional Capacity Assessment.  He found Plaintiff was moderately limited in her ability to sustain an ordinary routine without special supervision; and moderately limited in her ability to interact appropriately with the general public.  Tr. 570-72.  However, Dr. Bailey found that Plaintiff was able to remember locations, work-like procedures, and complex instructions; make simple work related decisions; have superficial contact with the public; accept supervisor criticism; get along well with coworkers and maintain socially acceptable behavior.  Tr. 572.

Plaintiff contends that the three primary reasons given by the ALJ for rejecting the opinion of Dr. Pollack were not supported by substantial evidence.  First, the ALJ found that Dr. Pollack's "opinion is not supported by the mental

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

status examination findings set forth in his own report." Tr. 32.  Plaintiff contends

that this boilerplate statement that does not achieve the level of specificity required

to reject Dr. Pollack's opinion.  ECF No. 18 at 13.  However, an ALJ may discredit

physician's opinions that "are conclusory, brief, and unsupported by the record as a

whole … or by objective medical findings." *Batson v. Comm'r of the Soc. Sec.*

*Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Here, Dr. Pollack offered no explanation of how his objective medical

findings translated to the marked mental limitations indicated on Mental Medical

Source Statement.  Rather, the testing administered to Plaintiff showed intelligence

testing in the average range, an Obsessive Compulsive Inventory in the normal

range, and neuropsychological tests in the normal range.  Tr. 730-732.  Moreover,

as noted by the ALJ, the results of the Minnesota Multiphasic Personality

Inventory-2 test ("MMPI-2") were "invalid" (Tr. 32) based on Dr. Pollack's

finding that Plaintiff "may have been exaggerating her difficulties."  Tr. 731.

Finally, the ALJ found that Dr. Pollack's opinion was "contradicted by the

longitudinal medical evidence of record."  Tr. 32.  In addition to the findings of Dr.

Bailey referenced above, Dr. Pollack's opinion that Plaintiff suffered marked

limitations was contradicted by other examining physicians and mental health

professionals.  *See* Tr. 32.  Dr. Scott Mabee opined that Plaintiff's "most prominent

problems are related to her drug use and mood instability.  She mentioned a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

previous diagnosis of bipolar, but was unable to describe any manic symptoms that she has ever experienced." Tr. 347. John McCarthy, M.D. indicated that Plaintiff "is basically doing well … feeling that things are stable." Tr. 500-01. Hal Gillespie, M.D. noted that Plaintiff's "medications seem to be satisfactory and she seems to be doing well" (Tr. 699); and later that Plaintiff "has been doing well" and her "mood appeared to be improving." (Tr. 705). The ALJ's conclusion that Dr. Pollack's opinion was not supported by the findings in his own report is supported by substantial evidence in the record and, as indicated below, is not the only basis for rejecting Dr. Pollack's opinion.

Second, Plaintiff contends the ALJ's finding that Dr. Pollack's opinion as an examining physician was given minimal weight "in light of the lack of any treatment relationship" is not legitimate because Dr. Bailey, the non-treating non-examining state agency consultant, "did not have any sort of relationship" with the Plaintiff. ECF No. 18 at 13. Plaintiff appears to be arguing that Dr. Pollack's opinion should be given more weight simply because he interviewed Plaintiff, reviewed her medical records, and administered "objective" tests. *Id*. Here, Dr. Pollack's opinion was contradicted by Dr. Bailey (Tr. 570-572) and Dr. Edward Beaty (Tr. 635). Thus, the Court must determine whether the ALJ rejected Dr. Pollack's opinion by providing specific and legitimate reasons that are supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d at 1216. While a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

physician's treatment history is an important factor in weighing that physician's

opinion, it is not dispositive of the inquiry to merely determine that an examining

physician allegedly had more of a "relationship" with the Plaintiff than a non-

examining physician. *See* 20 C.F.R. § 404.1527(c). Moreover, the ALJ did not

rely solely on Dr. Bailey's opinion. As indicated above, the ALJ also relied on the

opinion of Dr. Mabee that Plaintiff's "most prominent problems are related to her

drug use and mood instability" and that her "substance abuse likely exacerbates her

depressive symptoms." Tr. 347. The ALJ found that Dr. Mabee's opinion was

supported by mental health and counseling records "which showed progression in

the claimant's stability and mental health functioning as she remained abstinent

from drugs and alcohol." Tr. 32. The Court finds the ALJ offered specific and

legitimate reasons, supported by substantial evidence, for rejecting Dr. Pollack's

opinion as an examining physician.

Last, Plaintiff argues that her "own reports in the mental health records that

she was doing very well on her current medications is not an indication that she

was capable of working." ECF No. 18 at 13. In support of this argument Plaintiff

refers to Dr. Gillespie's rating of Plaintiff's Global Assessment of Functioning

("GAF") as a 45 (Tr. 633), and Spokane Mental Health's assessment of her GAF

as a 49 (Tr. 600, 712). Plaintiff also reported to Dr. Gillespie at several

appointments that she was having difficulty sleeping, her energy was low, and she

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13

was "quite anxious." Tr. 702, 705, 709.  In contrast, the ALJ found the mental

health records indicated Plaintiff was "generally doing well such that Dr. Gillespie

rarely changed her medications." Tr. 27, 31.   The record showed significant

activities of daily living including performing household chores, attending therapy

groups, obtaining a car, and taking her children to appointments.  Tr. 31-32.  The

ALJ found Plaintiff "consistently made statements that she was doing well."  Tr.

32.  The Court agrees with Plaintiff that these statements are not, in and of

themselves, sufficient for the ALJ to find Plaintiff was capable of working.

However, the ALJ does not offer these statements as the singular reason for finding

that Plaintiff was not disabled.  Instead, the ALJ offers Plaintiff's own reports that

she was doing well on her medications as further reason to reject Dr. Pollack's

opinion.  This evidence was properly considered by the ALJ.

Having thoroughly reviewed the record, the Court concludes that the ALJ

supported his rejection of Dr. Pollack's opinion with specific and legitimate

reasons that were supported by substantial evidence.  Accordingly, the Court grants

summary judgment in Defendant's favor.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 20, is

    **GRANTED**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

1    The District Court Executive is hereby directed to file this Order, enter

2  Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

3    **DATED** April 10, 2013.

4

5  

6                    THOMAS O. RICE
                United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 15